Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE:   **Amanda Lenard**

Case No..: _____ 16-25950-CMG _____

Judge: _____ Christine M. Gravelle _____

Debtor(s)   Chapter: _____ 13 _____

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐Original                    ■Modified/Notice Required        ■Discharge Sought
☐Motions Included            ☐Modified/No Notice Required      ☐No Discharge Sought

Date: _____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS WILL BE AFFECTED.

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

### YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
### IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
### THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM

## Part 1:  Payment and Length of Plan

    a.  The Debtor shall pay _ 625.00  Monthly _ to the Chapter 13 Trustee, starting on _ September 1, 2016 _ for approximately **60** months.

    b.  The Debtor shall make plan payments to the Trustee from the following sources:
- ■    Future Earnings
- ☐    Other sources of funding (describe source, amount and date when funds are available):

1

   c.  Use of real property to satisfy plan obligations:

       ☐     Sale of real property
              Description:
              Proposed date for completion:     _____

       ☐     Refinance of real property
              Description:
              Proposed date for completion:     _____

       ■     Loan modification with respect to mortgage encumbering property
              Description:**3 Wildberry Dr.**
              **Westhampton, NJ 08060**
              Proposed date for completion:     **February 28, 2017**

  d.   ☐     The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

  e.   ■     Other information that may be important relating to the payment and length of plan: **Debtor shall maintain adequate assurance payments to the mortgage lender (60% principal and interest plus 100% escrow) during her participation in the Court's Loss Mitigation Program.**

## Part 2:  Adequate Protection

    a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Joshua Humphries 013332008 | **Attorney Fees** | **2,000.00** |
| Internal Revenue Service | **Taxes and certain other debts** | **6,176.63** |

## Part 4: Secured Claims

### a.  Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### b.  Modification

1.)  The Debtor values collateral as indicated below.  If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated.  The portion of any allowed claim that exceeds that value shall be treated

2

as an unsecured claim.  If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c.  Surrender

Upon confirmation, the stay is terminated as to surrendered collateral.  The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **-NONE-** | | | |

### d.  Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

Creditor
**M & T Bank**

### e.  Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **-NONE-** | | |

## Part 5:  Unsecured Claims

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

_____    Not less than $____ to be distributed *pro rata*

__X__    Not less than __100__ percent

_____    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **-NONE-** | | | |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **-NONE-** | | |

3

## Part 7:  Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
    The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

    b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

    The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| **-NONE-** | | |

    c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

    The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| **-NONE-** | | | |

## Part 8:  Other Plan Provisions

    a.  **Vesting of Property of the Estate**
      ■ Upon Confirmation
      ☐ Upon Discharge

    b.  **Payment Notices**
    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c.  **Order of Distribution**

    The Trustee shall pay allowed claims in the following order:
      1)   Trustee Commissions
      2)   **Other Administrative Claims**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| | |
|---|---|
| 3) | **Secured Claims** |
| 4) | **Lease Arrearages** |
| 5) | **Priority Claims** |
| 6) | **General Unsecured Claims** |

### d.  Post-petition claims

The Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### e.  Other Provisions:

**Debtors propose to complete a loan modification by February 28, 2017 throught the Court's Loss Mitigation Program.  In the event that the Debtor does not complete a modification or her participation in LMP is terminated, she will file a modified plan either (1) curing the arrears through the modified plan; (2) surrendering the property; or (3) sale or refinance within 30 days of the denial of a modification or termination of LMP.**

## Part 9 :  Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:**08/18/2016**.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| **Debtor would like to utilize the reduced adequate assurance payment provisions of the Court's Loss Mitigation Program** | **Debtor proposes to make adequate assurance payments to the mortgage lender during her participation in the Court's Loss Mitigation Program in the amount of 100% escrow and 60% principal and interest** |

Are Schedules I and J being filed simultaneously with this modified Plan?    ■ Yes    ☐ No

## Part 10:  Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

| | |
|---|---|
| Date | **August 29, 2016** |
| | **/s/ Joshua Humphries** |
| | **Joshua Humphries 013332008** |
| | Attorney for the Debtor |

I certify under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Date: | **August 29, 2016** |
| | **/s/ Amanda Lenard** |
| | **Amanda Lenard** |
| | Debtor |

| | |
|---|---|
| Date: | |
| | Joint Debtor |

5

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 16-25950-CMG
Amanda Lenard                                                             Chapter 13
                    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin          Page 1 of 1          Date Rcvd: Sep 01, 2016
                              Form ID: pdf901      Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 03, 2016.
db           +Amanda Lenard,    3 Wildberry Drive,    Westampton, NJ 08060-5675
aty          +KML Law Group, PC,    216 Haddon Avenue,    Ste 406,    Collingswood, NJ 08108-2812
516348397    +ARS/Account Resolution Specialist,    Po Box 459079,    Sunrise, FL 33345-9079
516348396    +Amex,    Correspondence,    Po Box 981540,    El Paso, TX 79998-1540
516348398    +Avante,    3600 South Gessner,    Ste 225,    Houston, TX 77063-5357
516348404    +Midland Credit,    2365 Northside Dr.,    San Diego, CA 92108-2709
516348405    +Midwst Rcvry,    2747 W Clay St Ste A,    Saint Charles, MO 63301-2557

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: usanj.njbankr@usdoj.gov Sep 01 2016 23:02:15     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 01 2016 23:02:12     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
lm            E-mail/Text: camanagement@mtb.com Sep 01 2016 23:02:01     M&T Bank,    1100 Wehrle Drive,
               Williamsville, NY  14221
516348399    +E-mail/Text: bankruptcy@cavps.com Sep 01 2016 23:02:30     Calvary Portfolio Services,
               500 Summit Lake Ste 400,    Valhalla, NY 10595-2322
516367516     E-mail/Text: bankruptcy@cavps.com Sep 01 2016 23:02:30     Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-1340
516348400    +E-mail/Text: bankruptcy@icsystem.com Sep 01 2016 23:02:41     IC Systems, Inc,
               444 Highway 96 East,    Po Box 64378,    St Paul, MN 55164-0378
516348401     E-mail/Text: cio.bncmail@irs.gov Sep 01 2016 23:01:49     Internal Revenue Service,
               Centralized Insolvency Operation,    P.O. Box 7346,    Philadelphia, PA 19101-7346
516348402    +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 01 2016 23:01:40     Kohls/Capital One,
               Po Box 3120,    Milwaukee, WI 53201-3120
516348403     E-mail/Text: camanagement@mtb.com Sep 01 2016 23:02:01     M & T Bank,    P. O. Box 844,
               Buffalo, NY 14240
516348406     E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 01 2016 22:56:23
               Portfolio Recovery,    Po Box 41067,    Norfolk, VA 23541
516358884     E-mail/Text: bnc-quantum@quantum3group.com Sep 01 2016 23:02:05
               Quantum3 Group LLC as agent for,    CF Medical LLC,    PO Box 788,    Kirkland, WA  98083-0788
                                                                                          TOTAL: 11

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 03, 2016                                 Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2016 at the address(es) listed below:
              Albert Russo   docs@russotrustee.com
              Denise E. Carlon   on behalf of Creditor   Lakeview Loan Servicing, LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Joshua  Humphries   on behalf of Debtor Amanda  Lenard jhumphries@keaveneylegalgroup.com,
               data@keaveneylegalgroup.com
                                                                                    TOTAL: 3